IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CSX Transportation, Inc.
500 Water Street
Jacksonville, FL 32202

                 Plaintiff,

    v.

Homer City Generation, L.P.
1750 Power Plant Road
Homer City, PA 15748

                 Defendant.

## COMPLAINT

Plaintiff CSX Transportation, Inc., by and through its attorneys, files this Complaint against the defendant, Homer City Generation, L.P., and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, CSX Transportation, Inc. ("CSX"), is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida.

2. CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 1, *et seq*.

3. Defendant, Homer City Generation, L.P. ("Homer"), is a Delaware limited partnership, with its principal place of business in Homer City, Pennsylvania.

4. Based upon information and belief, none of the limited partners are citizens of Florida.

**JURISDICTION**

5. This case comes within this Court's jurisdiction under 28 U.S.C. § 1332 as the plaintiff and defendant are citizens of different states and the amount at issue exceeds jurisdictional requirements.

**VENUE**

6. Venue properly lies in this district under 28 U.S.C. § 1391(b) because at all times relevant to this matter, Defendants did business in this judicial district, are subject to personal jurisdiction here, and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

**PREDICATE FACTS**

7. On December 16, 2014, CSX and Homer entered into an agreement to establish the terms by which CSX will transport coal from specified points of origin to Homer's coal-fired electric generating station located at Homer City, Pennsylvania (the "Original Agreement").

8. Under the Original Agreement, CSX's rates for transportation services were adjusted based on Homer agreeing to commit to a specified volume of shipments of coal that would be shipped to Homer's coal-fired electric generating station.

9. Under the Original Agreement, Homer also agreed to pay liquidated damages if the volume commitment was not met.

10. CSX and Homer amended the Original Agreement on July 10, 2017, ("Amendment No. 1"), April 8, 2019, ("Amendment No. 2"), December 28, 2020, ("Amendment No. 3), and March 23, 2021, ("Amendment No. 4").

11. On March 27, 2022, CSX and Homer amended the Original Agreement for a fifth time to modify their agreements regarding past volume commitments and fixed charges, among other changes ("Amendment No. 5").

12. Amendment No. 5 became effective on April 1, 2022.

13. Under Amendment No. 5, Homer agreed to tender a minimum quarterly volume of tons of coal for transportation services during the first quarter of 2023.

14. Homer also agreed that liquidated damages would be assessed quarterly and paid to CSX if Homer did not meet the minimum quarterly volume commitment.

15. Homer failed to meet its volume commitment under Amendment No. 5 during the first quarter of 2023 and did not pay CSX liquidated damages under Amendment No. 5.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

16. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

17. CSX and Homer were parties to the Original Agreement and Amendment No. 5 at all relevant times.

18. Under the terms of Amendment No. 5, Homer agreed to meet a volume commitment for the shipment of coal to its facility in Homer City, Pennsylvania.

19. In breach of Amendment No. 5, Homer failed to meet its commitment for the shipment of coal during the first quarter of 2023.

20. Under the terms of Amendment No. 5, Homer agreed to pay liquidated damages to CSX if it failed to meet its volume commitment.

21. In breach of Amendment No. 5, Homer failed to pay CSX the liquidated damages owed to CSX.

22. Homer materially breached its contractual duties owed to CSX because Homer City failed to meet its volume commitment and did not pay CSX the agreed-upon liquidated damages owed to CSX because Homer did not meet its volume commitment under Amendment No. 5.

**WHEREFORE**, the plaintiff, CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against the defendant, Homer City Generation, L.P., in an amount not less than $835,468.00, plus pre-judgment interest, costs, and attorneys' fees, together with any such other relief as the Court deems just and proper.

### COUNT II
#### UNJUST ENRICHMENT (IN THE ALTERNATIVE)

23. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

24. CSX conferred the benefit of adjusted rates for transportation services based on Homer's volume commitment and Homer's agreement to pay liquidated damages if Homer failed to meet its volume commitment.

25. Homer benefitted from the Original Agreement's adjusted rates and CSX's transportation services during the relevant period.

26. Because Homer accepted and received the benefit of adjusted rates for CSX's transportation services based on Homer's volume commitment under such circumstances it is inequitable for Homer to have received the benefit of the adjusted rates while failing to meet its volume commitment and paying the agreed-upon liquidated damages.

27. CSX has not been paid liquidated damages.

28. Homer has failed to pay CSX the value of the benefit conferred under the Original Agreement.

29. As a result, Homer has unjustly received the benefit of the Original Agreement without paying for that benefit.

30. It would be unjust for Homer to retain the benefit from CSX without payment.

**WHEREFORE**, the plaintiff, CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against the defendant, Homer City Generation, L.P., in an amount not less than $835,468.00, plus pre-judgment interest, costs, and attorneys' fees, together with any such other relief as the Court deems just and proper.

Respectfully submitted,

**COHEN & FREY P.C.**

By:   /s/ Jeffrey D. Cohen
Jeffrey D. Cohen
Timothy L. Frey
The Times Building
32 Parking Plaza, Suite 402
Ardmore, PA 19003
Phone: 215-609-1110
Facsimile: 215-609-1117
Email: Jcohen@freightlaw.net
Email: Tfrey@freightlaw.net

*Attorneys for Plaintiff,*
*CSX Transportation, Inc.*